IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00455-DDD-NRN

AMERICAN FAMILY MUTUAL INSURANCE, CO.,

Plaintiff,

v.

ROBERT BOSCH, LLC d/b/a BOSCH EBIKE SYSTEMS, and
ROBERT BOSCH GMBH

Defendants.

**ORDER ON PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**
**(Dkt. #32)**

**N. REID NEUREITER**
**United States Magistrate Judge**

This is an equitable subrogation lawsuit brought by American Family Insurance, Co. ("American Family" or "Plaintiff") against Robert Bosch, LLC d/b/a/ Bosch Ebike Systems ("Bosch LLC"), an affiliate or subsidiary of Bosch Group. Bosch LLC is a Delaware limited liability company registered with the Colorado Secretary of State as a foreign entity. Suit is also brought against Robert Bosch, GmbH, a German multinational company ("Bosch GmbH").

**I.   Background**

It is alleged that Jason and Linda Powers, who were insured by American Family, owned a Xenion City Wave Ebike, which was equipped with a Bosch rechargeable lithium battery pack and a Bosch electric motor. In February 2021, the Powers family went on a bike ride, after which they parked the Bosch-equipped electric bicycle in their garage in Centennial, Colorado. The bicycle caught fire, engulfed the garage in flames,

and caused substantial damage to the Powers' residence. The fire in the Powers' garage was determined to have been caused by the Bosch lithium battery pack. American Family paid out to its insured. American Family is also required by contract to recover, if possible, its insured's deductible. All told, damages from the garage fire exceed $850,000. *See* Dkt. #4 (State Court Compl.).

On January 26, 2023, American Family brought a lawsuit in Colorado state court (Arapahoe County District Court) against Bosch LLC. The case was removed to federal court on February 17, 2023. *See* Dkt. #1. American Family filed a First Amended Complaint on February 23, 2023. *See* Dkt. #11. The main addition to the First Amended Complaint was naming Bosch GmbH as a defendant. The same claims (negligence and strict liability) are brought against both Bosch LLC and Bosch GmbH.

On August 30, 2023, Bosch GmbH moved to dismiss for lack of personal jurisdiction. *See* Dkt. #30. In that motion, Bosch GmbH argues that there is no general jurisdiction over it in Colorado because it does not do business here, has no employees here, and is "in no sense at home in Colorado." Dkt. #30 at 3. Bosch GmbH also argues that there is no specific jurisdiction over it because it has not purposefully directed its activities toward Colorado. For purposeful direction, Bosch GmbH argues, there must be something more than merely "placing a product into the stream of commerce." *Id*. at 4 (citing *Ditter v. Subaru Corp.*, No. 20-cv-02908-PAB, 2022 WL 889102, at *4 (D. Colo. Mar. 25, 2022)).

Judge Domenico has not referred the motion to dismiss to me for recommendation. However, in response to the motion to dismiss, American Family filed a motion for jurisdictional discovery (Dkt. #32), which has been referred to me. *See* Dkt.

2

#34. Bosch GmbH filed its response on October 11, 2023. *See* Dkt. #37. American Family filed its reply on October 25, 2023. *See* Dkt. #38.

I heard argument on American Family's motion for jurisdictional discovery on November 1, 2023. *See* Dkt. #39.

### a. American Family's Motion for Jurisdictional Discovery

American Family's motion for jurisdictional discovery is 17 pages long and includes 18 substantive exhibits comprising 162 pages. *See* Dkt. #32 and #31-1 through #32-18. In brief, American Family notes that Bosch GmbH seeks to avoid answering this lawsuit in Colorado by claiming that it sold its eBike components to a third-party eBike manufacturer outside the United States, BH Bikes. But American Family says that Bosch GmbH chose BH Bikes to serve as one of a select few manufacturers to sell eBikes equipped with Bosch components to consumers in the United States (including Colorado) via Bosch's network of retailers, trade shows, and conventions. Per American Family, "Bosch GmbH not only sold its eBike components to BH Bikes with the intention of having those eBike components sold to Colorado consumers, but the eBike components did in fact reach, and were sold to, Colorado consumers at a Bosch approved and certified retailer in the Denver metro area." Dkt. #32 at 2–3. American Family claims that it was these same eBike components that ultimately experienced thermal runaway and exploded in the Powers' home in Centennial, Colorado. *Id.* at 3.

American Family also makes clear (citing a European-published bicycle publication) that Bosch GmbH had anticipated selling its eBike systems in the United States as early as 2012 and had sent the Bosch eBike Systems sales and service manager to move to the United States to "manage the newly founded Bosch eBike

3

Systems North America." Dkt. #32-6 at 2. American Family also points to evidence that there was a representative of Bosch GmbH at North American trade shows on behalf of "Bosch eBike Systems" in 2014 and 2015 which, in American Family's view, is supportive of Bosch GmbH's significant degree of control over Bosch LLC's marketing, sales, distribution, and training efforts in the United States. Dkt. #32 at 9.

American Family also provides evidence that "Bosch eBike Systems" did not become an independent division of Bosch GmbH until January of 2020. Back in 2016, the same year that the Powers' electric bicycle was purchased in Colorado, Bosch GmbH's annual report refers to "Bosch eBike Systems" as a business unit that drew upon various Bosch GmbH divisions and business sectors. American Family also cites a 2016 interview with Bosch GmbH management where they discuss "moving ahead with market acitivties in North America and Asia" and professing a desire to "expand the eBike business together, worldwide." *See* Dkt. #32 at 10–11.

American Family also provided material, including a 2015 press release, explaining that Bosch had selected a customer base of eBike manufacturers, including BH bikes, that would offer their eBikes e-powered by Bosch in the U.S. market. Dkt. #32-12. The press release further indicates the opening of a new North American headquarters in Irvine, California would help "Bosch eBike Systems support the growing number of bicycle brands launching pedal-assist eBike products in the U.S. and Canadian markets, such as BH EasyMotion." Dkt. #32 at 11–12 (citing Dkt. #32-12). That press release, which does not distinguish between the manufacturer of the Bosch eBike system (Bosch GmbH) and the company that distributes and supports the product in the United States (Bosch LLC), reads in part as follows:

4

> **Bosch opens North American eBike headquarters in Irvine, California**
>
> *Europe's eBike technology leader opens first local office to support the growing North American eBike market*
>
> • New 4,000 square-foot facility located in the epicenter of U.S. biking industry
>
> • Expands company footprint in California and North America region
>
> IRVINE, Calif. – Following its entry into the U.S. eBike market in early 2014, Bosch has established a new headquarters office for Bosch eBike Systems (www.bosch-ebike.us) in Southern California, expanding the business unit's global operations in the U.S. and Canada. Tim Frasier, president, Automotive Electronics, Robert Bosch LLC and company executives joined local customers, business partners and bicycle advocacy leaders on January 8th to publicly announce the opening of the 4,000 -square-foot office located at 12 Mauchly, Unit E in Irvine. The new office will manage sales, marketing, advocacy, application and technical support, service, project management, and quality management.
>
> "Bosch's heritage and future is based on innovation and deploying our core competencies in new business areas. Opening this new headquarters for the eBike systems business is truly an exciting milestone in the expansion of Bosch's North American footprint," said Frasier. "eBikes offer a new era of mobility for commuters, athletes, enthusiasts, trailblazers and those leading an active life. They are an outstanding example of how we live our company imperative, 'Invented for life'."
>
> "Bosch's decision to anchor its North American headquarters in California displays the nexus of a bike friendly state with a strong economy." said Dave Snyder, Executive Director of the California Bicycle Coalition. "So many of their customers − bicyclists and bike companies − are already here in California, and as the Bicycle Coalition succeeds in enabling more people to bike, Bosch can look forward to a long and prosperous time in California."

Dkt. #32-12.

American Family argues that this material shows that Bosch GmbH was selling its components to BH Bikes with the knowledge and intention that those products would be sold in the United States, including in Colorado. Additional evidence is provided that Bosch (it is not clear whether GmbH or LLC) was marketing its eBike power units in

5

Colorado at the June 2016 Denver Electric Bike Expo at Colorado Mills Mall, with Bosch as a "presenting sponsor." Dkt. #31-13.

In the event the motion to dismiss is not summarily denied, American Family asks that the Court allow jurisdictional discovery into relevant facts that it deems to be disputed, including those raised in the declarations submitted by Bosch GmbH, such as:

- Bosch GmbH - Bosch eBike Systems' entry into and market activities in the United States and Colorado including, inter alia, technical, legal, and logistical requirements.

- The selection of limited original equipment manufacturers authorized to sell Bosch equipped eBikes in the United States including any agreements, guidelines, or directives with those selected OE manufacturers.

- Documents and communications related to the selected OE manufacturers' sale and distribution of Bosch equipped eBikes including, but not limited to, any distribution agreements, joint marketing materials, product catalogs, product specifications, warranty or repair documents.

- Documents and communications related to Bosch GmbH – Bosch eBike Systems corporate interactions, oversight, direction, and control over Bosch LLC – Bosch eBike Systems.

- Communications, documents, contracts, or agreements between Bosch GmbH – Bosch eBike Systems and Bosch LLC - Bosch eBike Systems which may relate to or establish any joint venture, common enterprise or scheme, agency, alter-ego, or other vicarious theory identified by Plaintiff herein above.

- Communications and documents related to Bosch GmbH's engagement in and/or financially support in marketing campaigns in the United States directed to Colorado consumers including, but not limited to, the uphill flow campaign, Bosch – Invented for Life campaign, or the epowered by Bosch campaign; and

- Bosch GmbH's marketing, sale, distribution, shipment or otherwise direction of Bosch eBike components, including lithium battery packs, to third-parties which are intended for the United States.

Dkt. #32-18.

6

### b. Bosch GmbH's Motion to Dismiss and Opposition to Jurisdictional Discovery

Bosch GmbH's motion to dismiss is premised on the assertions that from 2012 to the present, Bosch GmbH has not marketed, sold, or manufactured eBike lithium battery packs to customers in the United States or Colorado. Nor has Bosch GmbH controlled the distribution, marketing, or sales of eBike lithium battery packs in Colorado. Instead, Bosch LLC, the American subsidiary, has been charged with marketing and distributing the Bosch eBike lithium battery packs in the United States and, presumably, Colorado. Therefore, per Bosch GmbH, it has "not specifically targeted Colorado with eBike lithium battery packs." Dkt. #37 at 5. Similarly, Bosch GmbH argues that the supposed links between Bosch GmbH and Bosch LLC are insufficient to overcome the presumption of separation between the two corporate entities.

In addition, citing *Ditter v. Subaru Corp.*, 2022 WL 889102, Bosch GmbH emphasizes that merely putting a product in the stream of commerce, with the product eventually making its way to Colorado and causing injury here, is not enough to justify personal jurisdiction over a foreign manufacturer, even if the foreign manufacturer has a subsidiary in the United States that is marketing, distributing, and selling the manufacturer's product in Colorado. In *Ditter*, Chief Judge Philip A. Brimmer recently dismissed a lawsuit brought by an injured Colorado resident against Subaru Corporation, a Japanese entity, on personal jurisdiction grounds, finding that despite the fact that Subaru Corporation had a wholly-owned American subsidiary that was distributing and selling Subaru vehicles into Colorado, there were not sufficient

7

minimum contacts between the Japanese corporation and Colorado to support the exercise of personal jurisdiction. 2022 WL 889102, at *10.

In support of its motion to dismiss, Bosch GmbH has attached two declarations under oath. The first affidavit is that of Deputy Group General Counsel for Bosch GmbH, Bettina Holzwarth. *See* Dkt. #30-1. Ms. Holzworth explains that Bosch GmbH is a Germany-based multinational with no operations in Colorado. Also, Bosch GmbH does not directly own any interest in Bosch LLC. Instead, Bosch LLC is a subsidiary of Robert Bosch North America Corporation, which itself is a subsidiary of Bosch GmbH. Bosch GmbH and Bosch LLC observe all corporate formalities between one another, including having separate boards that conduct separate board meetings. *See generally* Dkt. #30-1.

The other declaration is that of Armin Harttig, Executive Vice President Sales, Bosch eBike Systems for Robert Bosch GmbH. *See* Dkt. #30-2. Mr. Harttig explains that Bosch GmbH has a division called "Bosch eBike Systems" that is headquartered in Germany. "Bosch eBike Systems Americas" is a business unit of Bosch LLC that is headquartered in the United States and is separate from Bosch GmbH's "Bosch eBike Systems" division in Germany. Harttig says that Bosch LLC is solely responsible for sales of Bosch electric bicycle products within the United States. Bosch eBike lithium battery packs are manufactured at facilities located in Hungary, Poland, and Maylasia. Bosch GmbH does not now sell eBike lithium battery packs to customers in the United States. Bosch GmbH previously sold the lithium battery packs (like the one that is alleged to have erupted in flames at the Powers' home) to a company called "BH Bikes" in Europe. *See generally*, Dkt. #30-2.

In its opposition to American Family's motion for jurisdictional discovery, Bosch GmbH attached two supplemental declarations from Ms. Holzwarth (Dkt. #37-1) and Mr. Harttig (Dkt. #37-2). The Holzwarth supplemental declaration states, generally, that from 2012 to the present Bosch GmbH has recognized the corporate form with respect to Bosch LLC, conducted separate shareholder meetings, maintained separate corporate records, and had separate boards that conduct separate board meetings. Dkt. #37-1. In Harttig's supplemental declaration, he explains that Bosch eBike products were first available for sale in the United States in March 2014, and from that time to the present, Bosch LLC has been solely responsible for sales of those eBike products, and for authorizing dealers of those products, in the United States. Mr. Harttig also says that at no time, from 2012 to the present, has Bosch GmbH sold eBike lithium battery packs to customers in the United States. Previously, those battery packs were sold to BH Bikes in Europe. Dkt. #37-2 at 3.

## II. Legal Standards

### a. Standard of Personal Jurisdiction

Where the court's jurisdiction is contested, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canda*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, however, the plaintiff's burden is light. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). When personal jurisdiction is challenged under Rule 12(b)(2), absent an evidentiary hearing, the plaintiff need only make a *prima facie* showing of facts that, if true, support personal jurisdiction over the defendant. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004) (citing *Soma Med. Int'l v. Standard*

*Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc.*, 149 F.3d at 1091. In order to defeat a *prima facie* showing of jurisdiction, the defendant must demonstrate "that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

When a corporation sells products that reach the forum and form the basis for the litigation where personal jurisdiction is challenged, courts apply the "stream of commerce" test. *Lynch v. Olympus Am., Inc.*, No. 18-cv-00512-NYW, 2018 WL 5619327, at *3 (Dist. Colo. 2018) (unpublished) (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881–82 (2011)). Broadly speaking, there are two interpretations of the stream of commerce test. *Id*; *see also Asahi Metal Indus. Co., Ltd. v. Sup. Court*, 480 U.S. 102, 111–12 (plurality) and 117–21 (Brennan, J., concurring) (1987). Despite these competing formulations of the stream of commerce test, under Tenth Circuit law, "specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else." *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.,* 701 F.3d 598, 618 (10th Cir. 2012). The fundamental question is whether the defendant's activities manifest an intention to submit to the power of a sovereign. *J. McIntyre Mach,* 564 U.S. at 881.

In other words, the defendant must "purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 882 (quotations and citations omitted). To show a defendant purposefully availed itself of the privilege of conducting activities within the forum state, a plaintiff

10

must show the defendant "deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co. v. Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (internal quotation marks and alterations omitted)).

In addition, to the extent that American Family seeks to impute the Colorado contacts of Bosch LLC to Bosch GmbH, American Family must show that Bosch LLC is Bosch GmbH's alter ego or agent. A subsidiary's forum contacts will not be imputed to the parent unless there is an alter ego or agency relationship between the two. *Fischer v. BMW of N. Am., LLC*, 376 F. Supp. 3d 1178, 1188 (D. Colo. 2019). "For purposes of personal jurisdiction, agency and alter ego, while different legal concepts, often depend on the same facts when parent and subsidiary corporations are involved." *BASF Corp. v. Willowood, LLC*, 359 F. Supp. 3d 1018, 1026 (D. Colo. 2019) (quotations omitted). "Particularly, facts concerning the amount of control exercised by the corporate parent over its subsidiary are relevant for both theories." *Id.* (quotations omitted); *see also Ditter*, 2022 WL 889102, at *10 (rejecting agency or alter ego as a basis for extending personal jurisdiction over Subaru Corporation based on the actions of its American subsidiary because the plaintiff had failed to provide allegations that Subaru of America was "doing the business of Subaru Corporation," or that Subaru Corporation "exercises control over Subaru of America's distribution, marketing, or maintenance efforts in the United States").

### b. Standard for Allowing Jurisdictional Discovery

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion. The trial court, however, is vested with broad discretion and should not be reversed unless discretion is abused." *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) (citation omitted); *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 102 (10th. Cir. 2012) ("When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."). It is, however, not an abuse of discretion to deny jurisdictional discovery where there is a "very low probability" that the lack of discovery would change the outcome of the case. *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1299 (10th Cir 2004); *see also* G*ordon * Howard Assocs., Inc. v. Lunareye, Inc.*, No. 13-cv-01829, 2013 WL 5637678, at *4 (D. Colo. Oct. 15, 2013) (denying jurisdictional discovery where there was "only a low probability that additional discovery would reveal sufficient facts to alter the Court's conclusion that it lacks personal jurisdiction over Defendant").

"The burden of demonstrating a legal entitlement to jurisdictional discovery . . . is on the party seeking the discovery." *Grynberg*, 490 F. App'x at 103. To obtain jurisdictional discovery, a plaintiff should present a sufficient factual predicate for the establishment of personal jurisdiction. *Gordon * Howard Assocs., Inc.*, 2013 WL 5637678, at *4.

If a plaintiff presents factual allegations that suggest, "with reasonable particularity[,]" the possible existence of the requisite contacts, the request to conduct jurisdictional discovery should be sustained. *Reg'l Airline Mgmt. Sys., Inc. v. Airports USA, Inc.*, No. 06-cv-01758-WYD-CBS, 2007 WL 1059012, at *6 (D. Colo. Apr. 4, 2007)

12

(citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). When, however, "the allegations in the complaint do not demonstrate contacts that might be sufficient to establish personal jurisdiction, a request of jurisdictional discovery will not be viewed favorably." *St. Paul Travelers Cas. & Sur. Co. of Am. v. Guaranty Bank & Trust Co.*, No. 05-cv-00968-REB-BNB, 2006 WL 1897173, at *4 (D. Colo. July 10, 2006) (citing *Wenz v. Nat'l Westminster Bank, PLC*, 91 P.3d 467, 469 (Colo. Ct. App. 2004)).

A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. *Grynberg,* 490 Fed. Appx. at 102. "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

### III. Decision

This is a close case. The facts as we currently know them appear most like *Ditter*, where Chief Judge Brimmer felt there were not sufficient allegations to justify personal jurisdiction in Colorado over the foreign manufacturer. But I am not deciding the ultimate question of whether there is jurisdiction or not. The question for me is whether to allow some limited discovery into the jurisdictional issue—including questions about the founding of Bosch LLC and Bosch GmbH's control (if any) over Bosch LLC's marketing of Bosch products in the United States, including in Colorado. This might also include Bosch GmbH's knowledge that Bosch eBike components were being delivered into U.S. markets, such as Colorado by BH Bikes, and the need to support in Colorado the distributors or purchasers of those Bosch-equipped bicycles. American Family has presented a significant amount of material suggesting that Bosch

13

(whether LLC or GmbH) was involved in the marketing of eBike components in the U.S. and Colorado around the time that the Powers purchased the BH bicycle equipped with Bosch components, and that Bosch GmbH continues to support those products via, among other things, internet applications.

American Family should be entitled to discovery to establish whether the requisite "something more" than merely putting a single product into the stream of commerce is present in this case. *See J. McIntyre Mach.,* 564 U.S. at 887–99 (Breyer, J., concurring in judgment) (concluding that "something more," "such as special state-related design, advertising, advice, marketing, or anything else," was lacking in that case). The *J. McIntyre Machinery* case involved the sale by a British manufacturer of a machine that was then sold through an *independent* distributor in the United States. *Id.* at 888. In this case, the level of independence of the distributor and marketer of the Bosch eBike system is being questioned. In addition, the volume and number of sales may be important in the inquiry. The Supreme Court has strongly indicated that the single sale of a product in a state does not constitute an adequate basis for jurisdiction over an out-of-state defendant, even if the defendant places the goods in the stream of commerce fully aware that the sale will take place. But there is some suggestion that jurisdiction will lie where a sale in a state is part of the "regular and anticipated flow" of commerce into the state. *Id.* at 889 (describing that where there was no "regular . . . flow" or "regular course" of sales in New Jersey, the "something more" that would justify the exercise of jurisdiction is lacking).

Bosch GmbH points to the (relatively skeletal) affidavits it has submitted, but there is a certain unfairness to a process that would allow affidavits from one side

14

without allowing at least some corresponding adversarial opportunity to probe the underlying assertions contained in those affidavits, and also discover more information about Bosch GmbH's efforts to market Bosch-equipped eBikes into the United States, including in Colorado. *See El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) (holding that when faced with the prospect of dismissal, a plaintiff is entitled to "reasonable discovery, lest the defendant defeat jurisdiction of a federal court by withholding information on its contacts with the forum") (internal quotation and citation omitted), *abrogated on other grounds by Samantar v. Yousuf*, 560 U.S. 305 (2010).

For these reasons, American Family's Motion to Conduct Limited Jurisdictional Discovery (Dkt. #32) is **GRANTED**. The Court will allow the following limited jurisdictional discovery: American Family is entitled to issue a total of ten (10) interrogatories, ten requests for production, and ten requests for admission to the Defendants—ten total, not ten per defendant. American Family is also entitled to take one Rule 30(b)(6) deposition on the general issues raised by the Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #30). The deposition will be limited to no more than four (4) hours. American Family shall have sixty days to complete its jurisdictional discovery. American Family's obligation to respond to Defendant Robert Bosch GmbH's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #30) is further stayed until 14 days after the completion of jurisdictional discovery.

**It is so ORDERED.**

Date: December 7, 2023

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge